IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30375
Summary Calendar
_____

VIOLA MOORE,

                                        Plaintiff-Appellant,

versus

LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE; CARVILLE
EARLE; KENT MATHEWSON; WILLIAM
DAVIDSON; RICHARD KESSEL,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
(00-CV-125)
- - - - - - - - - -
November 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Viola Moore appeals from the district court's grant of summary judgment dismissing her 42 U.S.C. § 1983 complaint against the individual Defendants-Appellees, who are university professors.  Moore claims that her substantive due process rights were violated when the professors rejected her thesis proposal which, she contends, resulted in her de facto dismissal from the university's Ph.D. program.  She also claims

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that she was deprived of a liberty interest —— pursuing her chosen course of study —— without due process of law.

Federal courts are not "suited to evaluate the substance of the multitude of academic decisions that are made daily by faculty members of public educational institutions -- decisions that require `an expert evaluation of cumulative information and [are] not readily adapted to the procedural tools of judicial or administrative decision-making.'" <u>Regents of Univ. of Michigan v. Ewing</u>, 474 U.S. 214, 226 (1985) (citation omitted). "Courts must accept, as consistent with due process, 'an academic decision that is not beyond the pale of reasoned academic decision-making when viewed against the background of [the student's] entire career at the University.'" <u>Wheeler v. Miller</u>, 168 F.3d 241, 250 (5th Cir. 1999) (citation omitted).

Under this standard, Moore has failed to show that the professors did not exercise professional judgment. On this record, no rational trier of fact could find that the professors' treatment of Moore was beyond the pale of reasoned academic decision-making in light of Moore's entire academic career. Accordingly, the judgment of the district court is

AFFIRMED.